NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-2837 and 09-2917
_____

JOHN J. LYNCH, SR.,
Trading as Harley's Transp Service
Appellant No. 09-2837

v.

THE CITY OF PHILA; SGT QUINN;
OFFICER MELODY; OFFICER FELICE;
OFFICER JOHN DOE; OFFICER JIM DOE;
TOM DOE; THE FIRST JUDICIAL DIST OF PA;
C DARNELL JONES; FREDERICA MESSIAH
JACKSON; THE PHILADELPHIA TRAFFIC COURT,
Admin; BERNICE DE ANGELIS;
THE PHILADELPHIA PARKING AUTHORITY
_____

JOHN J. LYNCH,
trading as Harley's Transp Service

v.

THE CITY OF PHILA; SGT QUINN ;
OFFICER MELODY ;OFFICER FELICE;
OFFICER JOHN DOE; OFFICER JIM DOE;
TOM DOE;  THE FIRST JUDICIAL DIST OF PA;
HONORABLE C. DARNELL  JONES;
HONORABLE FREDERICA MESSIAH JACKSON;
THE PHILADELPHIA  TRAFFIC COURT;
BERNICE DE ANGELIS;
THE  PHILADELPHIA PARKING AUTHORITY

THE PHILADELPHIA PARKING AUTHORITY
Appellant No. 09-2917

_____

Appeals from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-08-cv-04780)
District Judge: Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2011

Before:  RENDELL, SMITH and FISHER, Circuit Judges.

(Opinion Filed: July 26, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Plaintiff John Lynch, Sr. appeals the District Court for the Eastern District of

Pennsylvania's grant of the Philadelphia Parking Authority's and other defendants'[1]

motion to dismiss pursuant to Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  The Philadelphia

Parking Authority ("PPA"), on cross-appeal, claims that the District Court erred in

denying its Motion for Sanctions and Future Litigation Restrictions.  We will affirm the

District Court's dismissal and its denial of the PPA's motion.

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291  We exercise plenary review

over a district court's order granting defendants' motion to dismiss, _Port Auth. of N.Y. &_

_N.J. v. Arcadian Corp._, 189 F.3d 305, 311 (3d Cir. 1999), and we review the imposition

---

[1] The defendants named in the plaintiff's complaint include the City of Philadelphia, the State of Pennsylvania, judicial entities, three judges, and three police officers.

2

or denial of Rule 11 sanctions for an abuse of discretion, *Teamsters Local Union No. 430 v. Cement Exp., Inc.*, 841 F.2d 66, 68 (3d Cir. 1988).

I.

Because we write solely for the benefit of the parties, we recite only the facts relevant to our analysis. This case arises out of a dispute between Lynch and the City of Philadelphia surrounding the ticketing and towing of various vehicles, some of which Lynch owns. Proceeding pro se, Lynch originally filed this action in three handwritten parts, contesting the towing of three vehicles,[2] the constitutionality of the Joint General Court Regulation 2001-02, known as "Live Stop," which permits the impounding and sale of vehicles resulting from traffic violations,[3] and the denial of his motion to certify a class action. In a Memorandum Opinion issued on May 20, 2009, the District Court granted defendants' motion to dismiss all of Lynch's claims. In the accompanying Order, it denied the PPA's Motion for Sanctions and Future Litigation Restrictions, without explanation. After reviewing the record, we conclude that there is little to add to the

---

[2] With regard to the first vehicle, Lynch alleged that, on May 20, 2007, three Philadelphia police officers called the PPA to remove a 1973 Ford F-350 tow truck from private property, then falsified a traffic citation and towing report to make it appear the truck was found on a public highway. The second vehicle, towed on June 19, 2007, was a 1990 Chevrolet Lumina, owned by Nathaniel Williams. Lynch alleged that he was arrested on June 19, 2007 while sitting in the parked Lumina and an unknown police officer had the car towed by the PPA. The third vehicle, towed on October 15, 2007, was a 1990 Chevrolet Geo. Lynch alleged that the Geo was also confiscated pursuant to a falsified traffic citation.

[3] Lynch's challenge to Live Stop alleged civil rights violations under § 1983 and named three Philadelphia police officers, the PPA, the City of Philadelphia, the First Judicial District of Pennsylvania, three judges, and the Philadelphia Traffic Court as defendants.

District Court's analysis, and we will affirm its dismissal of Lynch's claims for the reasons set forth in its May 20, 2009 Memorandum and Order.

II.

The District Court dismissed Lynch's claims against the First Judicial District, its judge and former judge, and the Traffic Court and its judge because all are entitled to Eleventh Amendment immunity or are not persons for § 1983 purposes. The state court defendants, it explained, are Commonwealth entities because the courts are part of the unified judicial system subject to the control of the state Supreme Court. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005); *Callahan v. City of Phila.*, 207 F.3d 668, 673 ("[J]udicial defendants are not independent of the Commonwealth and hardly can be regarded as having significant autonomy from the Pennsylvania Supreme Court."). Thus, they are entitled to Eleventh Amendment immunity from suit, *Hans v. Louisiana*, 134 U.S. 1, 13-14 (1890), and are not considered § 1983 "persons." *Callahan*, 307 F.3d at 673. The result is the same for the local court defendants that are "funded locally," like the Philadelphia Traffic Court—they too "are not persons within section 1983." *Id.* Further, when judges act legislatively, as they did in adopting Live Stop, they are entitled to legislative immunity. *See Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 776-77 (3d Cir. 2000).

As to Lynch's claims regarding the three vehicles, the District Court is correct that he only has standing to challenge the towing of the 1973 Ford tow truck, because he is not the registered owner of the 1990 Chevrolet Lumina towed on June 19, 2007, or the Chevrolet Geo towed on October 15, 2007. Accordingly, as to the Lumina and the Geo,

4

Lynch has failed to allege any facts showing that he suffered an "invasion of a legally protected interest" as a result of defendants' actions. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Though Lynch has standing to contest the towing of the 1973 Ford, his challenges to this act also must fail. As the District Court ruled, his claims regarding the 1973 Ford are barred by the doctrine of issue preclusion, because the identical issue was fully and fairly litigated in state court. Lynch brought an earlier action in replevin, seeking return of the truck, in the Philadelphia Court of Common Pleas. The court granted the PPA's preliminary objections and terminated the case. *See Lynch v. Phila. Parking Auth.*, No. 03908, June Term 2007 (Phila. Ct. Com. Pl. Feb. 8, 2008). Under Pennsylvania law, issue preclusion applies when: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Shuder v. McDonald's Corp.*, 859 F.2d 266, 273 (3d Cir. 1988). In a thorough analysis, the District Court found that each element was satisfied, and we agree with that conclusion.

The District Court also properly dismissed Lynch's request for prospective injunctive relief on the grounds that the Live Stop program constitutes an ongoing federal

violation.[4] Because the state courts and the District Court found no violation in the seizure of Lynch's vehicle, there is no ground for prospective relief.

As his claims must all fail, it follows that his appeal from the District Court's denial of his Motion to Certify as a class action fails as well.

III.

The PPA argues on cross-appeal that the District Court erred in denying the PPA's Motion for Rule 11 Sanctions and Future Litigation restrictions. The PPA submits that it is entitled to the imposition of sanctions and future litigation restrictions against Lynch on the grounds that he has brought "numerous frivolous, baseless and harassing lawsuits" against the PPA and other parties and is likely to do so again in the future. We hold that the District Court did not abuse its discretion in denying the imposition of sanctions or restrictions, and hence its judgment on that issue will be affirmed.

For the foregoing reasons, we will affirm the District Court's grant of defendants' Motion to Dismiss, denial of plaintiff's Motion for Class Certification, and denial of the PPA's Motion for Rule 11 Sanctions and Future Litigation Restrictions.

---

[4] Under *Ex parte Young*, which creates an exception to Eleventh Amendment immunity, one may bring suit "against individual state officers for prospective and declaratory relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 506 (3d Cir. 2001); *Ex parte Young*, 209 U.S. 123 (1908).